Hemphill, Ch. J.
The record does not show that there was any action on the demurrer.
The cause, upon the pleadings, exhibits, and proof, was submitted to the court, and, without discussing the alleged errors in the order of their assignment, I will consider whether the judgment on the submission is such as should have been rendered.
It appeared from the pleadings and the argument that it was a controverted question whether the warranty was general or special as against the heirs, executors, and administrators of Dresser. But it is wholly immaterial whether it was the one or the other, or whether there had been any express covenant of warranty. The vendor had no title. The certificate was worthless, was fraudulent in contemplation oE law, and was in fact a mere nullity,-and the purchaser was entitled to a rescission of the contract and to the repayment of the sums advanced.
This was especially the. law of the contract at the time of its execution. Under the system of Spanish jurisprudence then in force it is an established rule that a sound price warrants a sound commodity. An implied warranty was annexed to every sale, and if the vendor’s title partially or wholly failed the purchaser was entitled to partial or entire relief.
But against whom is the plaintiff, under the pleadings and facts in this case, entitled to redress? Unquestionably not against the defendant individually. Tlie sale was made by'him in his representative capacity and by an order of the Probate Court, and the claim must bo presented against the legal representatives of the deceased intestate. If the succession be not closed, an action would lie against the administrator; if settled, against the heirs and distrib-utees. Had the plaintiff, by averment and-proof, shown that tiie defendant was still Ihe administrator, or that there .were no debts, or that they had not been paid, and that the defendant retained the amount advanced on ihe.notes, ho might iiave had the money paid arrested and restored and full relief.
The notes, it is true, are still held by the defendant,'who claims them as his own, on the ground that he has paid debts of the estate equivalent in *167 amount; and the plaintiff might perhaps set up a claim to their cancellation, on tile ground that they form a cloud upon his rights. This, however, would be but a weak equity, and a petition for that purpose should be dismissed, or at least prosecuted at the costs of the plaintiff, as a recovery upon the notes is and was barred at the commencement of the action, aud in addition the want of consideration would be a good defense.
The plaintiff did not allege that any such notes were in existence, or pray their cancellation, or set up any facts which would, in the absence of other parties, justify such decree; the plaintiff claimed that he had paid the whole of the purchase-money. The notes were produced by the defendant as well to show that but a portion of the consideration had been received as to set up an unfounded pretension for a judgment for the balance.
Upon considering the matters presented in the record, we are of opinion that the plaintiff is not entitled to a recovery in this action, and it is therefore ordered, adjudged, and decreed that the judgment be reversed and the cause dismissed.
Reversed and dismissed.