## GEORGE B. GRANBERRY V. T. C. HAWPE.

Where the suit was to recover the money paid for a land certificate, it was wholly immaterial whether the warranty was general or special, or whether there had been any express covenant of warranty, if the vendor had no title, or if the certificate was spurious, or not recommended by the proper authority.

Where the title to a land certificate failed, the measure of damages is the same as in a breach of warranty on contracts for the sale of chattels, not of lands. Unlocated land certificates are treated as chattels, and in their sale there is always an implied warranty.

APPEAL from Dallas.   The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

The case turned upon the petition and demurrer, and the facts are sufficiently stated in the opinion of the court.

*Geo. W. Guess,* for appellant.—Appellant refers to 2 Black. Com., side p. 443; 1 Pars. on Cont., 437, *et seq.;* Story on Cont., 530, *et passim;* 19 Tex., 260; Cooper v. Singleton, 19 Tex., 253; Copeland v. Gorman, 7 Tex., 244; Jones v. Taylor, 11 Johns., 525; 2 Johns., 518; 8 Humph., 519; 4 Tex., 116; 1 Ves., 351; 17 Ves., 278, 279, 394; 16 Ves., 1; 11 Ves., 640; 2 Story's Eq. Jur., §§ 777, 778, 779, 717; Dallam, 359, 461; Blythe v. Speake, 23 Tex., 429.

*John J. Good,* for appellee.—The demurrer was properly sustained, because—

1. The petition contains no allegation of an express warranty, or facts or circumstances from which a warranty can be implied, nor does it disclose any fraud upon the part of the appellee.   (Blythe v. Speake, 23 Tex., 435; Chandellor v. Lopus, 2 Cro., 2; 1 Smith's Lead. Cases, top page 207, 212, 213; Jennings v. Gratz, 3 Rawle, 169; Kirk v. Nice, 2 Watts, 367; Sands v. Taylor, 5 Johns., 395; Sweet v. Colgate, 20 Johns., 196; Holden v. Dakin, 4 Johns., 421; Hart v. Wright, 17 Wend., 267; Wright v.

Hart, 18 Wend., 449; Salisberry v. Stainer, 18 Wend., 159; Seixas v. Woods, 2 Caines, 48; Moses v. Mead, 1 Denio, 378; Conner v. Henderson, 15 Mass., 320; Reed v. Wood, 9 Vt., 288; Dean v. Mason, 4 Con., 432; Kellogg v. Denslow, 14 Con., 419; Jones v. Mauray, 3 Monr., 83; Stone v. Denny, 4 Met., 154; Mixer v. Coburn, 4 Met., 559; Helm v. Shackleford, 4 Rand., 5; Otis v. Alderson, 10 S. & M., 476; Erwin v. Maxwell, 3 Murph., 241; Hyatt v. Boyle, 5 Hyatt & Johns., 110; Stewart v. Dougherty, 6 Dana, 476; Towell, *et al.*, v. Gatewood, 2 Scam., 25; Carley v. Wilkins, 6 Barb., 557, 561, 562, 563; 1 Story's Eq. Jur., §§ 191, 200*a*, 202, 203.)

2. The certificate was, at the date of its issuance, valid. (Laws of 4 Legislature, p. 77, § 10; Laws of 7 Legislature, 36.) But became null and void by subsequent legislation. (Laws of 7 Legislature, p. 106, § 1; p. 108, § 11.)

3. There was no legal consideration for the compensation of $200 claimed by appellant. (Chit. on Cont., top p. 33, 34*a*, note 1; Clay v. Johnson, &c., 6 Monr., 660.)

LATIMER, J.—This was a suit brought by the appellant against the appellee, alleging that the appellee was indebted to him in the sum of $500; that on or about the 17th day of April, 1856, appellant bought from appellee the Peter's colony head-right certificate of William B. Stephenson, No. 80, issued by order of the county court of Collin county; that said certificate was afterwards condemned as illegal, by a board of commissioners appointed under the act of the 4th day of February, A. D. 1858; that said certificate was wholly worthless; that he paid to the appellee the sum of $300 for said certificate, and that he has been at an expense of $200 in trying to effect a settlement with the appellee, &c.

There was a general demurrer to the petition, which was sustained by the court below. It is urged in support of the judgment on the demurrer, that the petition contains no

allegation of either an express or implied warranty of the validity or genuineness of the land certificate sold by appellee to appellant. No such warranty was necessary. In the case of Mathews v. Allen, 6 Tex., 330, Chief Justice Hemphill said on this, "It is wholly immaterial whether the warranty was general or special, or whether there had been any express covenant of warranty. The vendor had no title. The certificate was worthless, was fraudulent in contemplation of law, and was in fact a mere nullity, and the purchaser was entitled to a recision of the contract and to the repayment of the sums advanced." So in the case of Randon v. Barton, 4 Tex., 289, which was a suit for a breach of contract to transfer land certificates. This court said, "The rule respecting the measure of damages applicable to this case is that which applies to the breach of contracts for the sale of chattels, not of lands." Unlocated land certificates are treated as chattels, and it is an elementary principle that, in the sale of chattels, there is always an implied warranty of title.

The petition showed a good cause of action. The judgment sustaining the demurrer was therefore erroneous, for which error it is reversed, and the cause

REMANDED.