MISSOURI, K. & T. RY. CO. OF TEXAS v. ROBERTS.†

(Court of Civil Appeals of Texas. Austin. Jan. 24, 1912. Rehearing Overruled Feb. 28, 1912.)

1. MASTER AND SERVANT (§ 261*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—SUFFICIENCY OF PETITION.

A petition for injuries to an employé by the breaking of a plank upon which the plaintiff was standing, alleging that the light in the house in which the plaintiff was at work was obscure, and that the plank was covered with sand, so that the plaintiff could not see the defects therein, defendant being negligent in failing to provide a safe place to work, is not insufficient as permitting an inference of contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 261.*]

2. APPEAL AND ERROR (§ 544*)—BILL OF EXCEPTIONS—NECESSITY.

The overruling of an application for a continuance will not be reviewed in the absence of a showing of the grounds therefor in the appellant's brief or a bill of exceptions to the ruling.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2479; Dec. Dig. § 544.*]

3. WITNESSES (§ 345*)—IMPEACHMENT—CONVICTION OF CRIME.

In a civil action for injuries caused by the alleged negligent acts of the defendant, the plaintiff may not be impeached by showing that he had spent the greater portion of his life in jail, and had been charged with horse theft.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1126–1128; Dec. Dig. § 345.*]

Appeal from District Court, Bastrop County; Ed. R. Sinks, Judge.

Action by A. C. Roberts against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Paul D. Page, for appellant. S. L. Staples and Orgain & Maynard, for appellee.

KEY, C. J. The nature and result of this suit are stated as follows in appellant's brief: "On July 6, 1910, the appellee, A. C. Roberts, filed his first amended original petition in the district court of Bastrop county for the recovery of damages alleged to be due appellee by appellant for personal injuries alleged to have been caused by the negligence of appellant. Appellee alleged that at the time he was injured he was in the employ of appellant as sandhouse man, and that while engaged in the performance of his duties in the top of the sandhouse the round of a ladder upon which was resting a plank on which he was standing pulled loose, the plank split,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error denied by Supreme Court.

and he was precipitated to the ground, and thereby injured as alleged by him; that the proximate cause of his fall and consequent injuries was the negligence of appellant in failing to use ordinary care to provide him with a safe place to work, alleging that the light in the house where he was working was obscure; that the plank on which he had to stand, as well as the ladder, were and had been for a long time, covered with sand; that the board was rotten and insufficient to bear his weight; that appellant knew of these defects and appellee did not; and that appellant failed to provide for a proper inspection of said premises.

"June 21, 1910, appellant answered, pleading substantially:

"(1) Special exceptions 'a' to 'c,' inclusive.

"(2) General demurrer and general denial.

"(3) That it had used ordinary care to provide appellee with a reasonably safe place in which to work, and with reasonably safe appliances with which to work.

"(4) Contributory negligence of appellee in going upon the plank, appellant alleging that it was not necessary for him to go upon the same in the discharge of his duties.

"(5) Assumed risk by appellee, he having continued to work in said alleged dangerous place and use said defective appliances, when a person of ordinary care would not have continued to work.

"(6) Contributory negligence of appellee, who was chargeable with the duty of inspection of the premises and appliances he was using in failing to discover and report said defects to his superiors.

"Appellee and appellant each filed supplemental pleadings, being merely denials of facts set up by them respectively. Trial was had before a jury, who on December 22, 1910, returned a verdict in favor of appellee in the sum of $4,000, judgment being entered upon the verdict. Appellant in due time filed its motion for a new trial, and on January 9, 1911, filed its amended motion for a new trial. On January 11, 1911, the court overruled said motion, to which appellant excepted and gave notice of its appeal to this court.

"The usual orders being entered as to statement of facts, etc., appellant perfected its appeal on January 27th by filing its supersedeas appeal bond. Assignments of error were duly filed by appellant, upon which this cause is now presented in this court for revision."

[1] In appellant's brief, no complaint is made against the verdict, and we therefore assume that it is supported by testimony, and dispose of the case upon the theory that the burden rests upon appellant to point out some material error committed at the trial, which if not committed a different result might have followed. The first and fourth assignments are submitted together, and under them appellant submits two propositions, the first asserting that where a servant sues the master for injuries alleged to have been caused by the negligence of the latter, and the facts stated expose him to a suspicion of contributory negligence, it rests upon him to clear himself; and the second asserts that, when a petition shows upon its face that the plaintiff is guilty of contributory negligence, it is subject to a general demurrer. We do not think that the petition in this case is subject to either of the objections urged against it.

[2] The fifth and sixth assignments complain of the action of the court in refusing to grant an application for a continuance, and in refusing to postpone the case to a future day of the term. Appellant's brief does not make it appear with sufficient certainty upon what ground the continuance and postponement was sought, and we do not find in the record any bill of exception taken to the rulings referred to, which should have been taken in order to preserve and present the questions on appeal. J. B. Cranfill and G. W. Carroll v. Fidelity & Deposit Co. of Maryland, 143 S. W. 233, recently decided by this court, and authorities there cited.

[3] By its thirteenth assignment of error appellant complains of the action of the court in not permitting it to prove by the plaintiff on his cross-examination that he had spent the greater portion of his life in jail, and had been charged with horse theft. It is well settled in this state that in civil litigation such testimony is not admissible. Railway Co. v. Smith, 79 S. W. 342; Railway Co. v. Dumas, 93 S. W. 495; Moody v. Rowland, 46 Tex. Civ. App. 412, 102 S. W. 911; Railway v. Creason, 101 Tex. 335, 107 S. W. 527; Railway v. Adams, 42 Tex. Civ. App. 274, 114 S. W. 456.

A number of assignments have been submitted which complain of the action of the court in giving and refusing instructions. While the sixth paragraph of the learned judge's charge may be subject to the criticism that it contains too many "if any, etc.," no doubt it was so framed to avoid even a suspicion of commenting upon the weight of testimony, and we do not believe it was calculated to mislead the jury. In other respects the charge was an admirable exposition and application of the law—fair alike to the defendant and the plaintiff. We also hold that no error was committed in refusing requested instructions.

No reversible error has been pointed out, and the judgment is affirmed.

Affirmed.