**MEDLEY v. LAMB et al. (No. 9055.)**

(Court of Civil Appeals of Texas. Ft. Worth May 8, 1920. Rehearing Denied June 19, 1920.)

**1. Pleading ⬀48—Petition must be sufficient to constitute legal basis on which to predicate judgment.**

The allegations of a plaintiff's petition must be sufficient to constitute a legal basis on which to predicate judgment in his favor.

**2. Fraud ⬀49—Proof of value of property exchanged not available in absence of allegation.**

In an action to recover damages for fraud in an exchange of property, proof of values of the property is not available in the absence of allegations of such values.

**3. Fraud ⬀47—Allegation of facts for measuring damages essential.**

In an action to recover damages for fraud in exchange of property, plaintiff must set forth the necessary facts to be considered in measuring damages.

**4. Fraud ⬀59(1)—Measure of damages for fraud in exchange of property stated.**

In an action for damages for fraud in exchange of properties, the correct measure of damages is the difference in the actual value between the property conveyed by the plaintiff and the value of the properties received, and any contract value of plaintiff's property has nothing to do with fixing the basis of value of such property or the measure of damages.

**5. Fraud ⬀47—Allegation of value of property received in exchange essential.**

In an action for damages for fraud in exchange of lands, plaintiff must allege the value of any moneys and other personal property received in the transaction; such allegation being as necessary as an allegation as to the value of the realty.

**6. Fraud ⬀64(5)—Deception held question for jury.**

In an action for damages for fraud in exchange of property, whether plaintiff's husband, who examined the property, was deceived by the fraudulent representations of the defendant *held* for the jury.

**7. Fraud ⬀9—Representations of no lien upon land held not fraudulent.**

A representation that there was no lien against land was not fraudulent, although previous to entering into the contract there had been some proceedings to include the land within a drainage district, but the final order had been revoked, although the land was subsequently taken into the drainage district.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by Mrs. E. Morgan Lamb and husband against George W. Medley. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

A. H. Kirby and Theodore Mack, both of Ft. Worth, for appellant.

Slay, Simon & Smith and Ocie Speer, all of Ft. Worth, for appellees.

CONNER, C. J. The appellee Mrs. E. Morgan Lamb, joined by her husband, instituted this suit against George W. Medley to recover damages in the sum of $50,000 based upon alleged false and fraudulent representations made by appellant in an exchange of properties between the parties.

It was alleged that the plaintiffs were the owners of some 206 acres of land situated near the city of Ft. Worth, Tex., of the agreed value of $76,310, which had been conveyed to the defendant for 600 acres of land in Chaves county, N. M., valued at $60,000, and by him conveyed to the plaintiffs. It was charged that the defendant represented the New Mexico land to be—

"fine agricultural land; that the same was very rich and fertile and exceedingly valuable for agricultural purposes; that the same was good alfalfa land and that there was then 200 acres of alfalfa planted and set on said land, which would make the same very productive and profitable, and was actually worth $60,000."

It was further alleged that the defendant and his agents further represented that the New Mexico land had the advantage of an irrigation system—

"implying and intending thereby to convey to plaintiff the idea and to represent that the condition of said land was such that no drainage was necessary, and fraudulently concealed from plaintiff and her husband the fact that the same was included within a drainage district, and in truth and in fact the land was then underlaid by a stratum of water not far from the surface, and, the soil being full of alkali, the land was thereby made unfit for successful farming and less suitable for farming than it otherwise would have been."

It was further charged that the defendant represented that the only indebtedness existing against his land in New Mexico was a lien to secure a loan of $10,000 by an insurance company, and a further sum of $100 due as commissions, but that as a matter of fact all the representations so made were false and fraudulently made for the purpose of inducing the plaintiffs to enter into such contract, and that the same did induce them to do so; that in truth the land was not fine agricultural land; was not actually worth more than $10,000; that it had been included in a drainage system, which thereby imposed a further lien upon the same of about $16,383.11.

The defendant answered by general and special demurrers, a general denial, the plea of two years' limitation as against the fraudulent representations, and specially that John Lamb, the husband of plaintiff Mrs. E.

⬀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Morgan Lamb, made an independent personal inspection of the New Mexico land for his wife, and that the plaintiffs were therefore not deceived as to the character of the land.

The case was submitted to a jury upon special issues, all of which were answered in favor of the plaintiffs. The court also made further findings, and upon the findings and answers of the jury judgment was awarded to the plaintiffs in the sum of $48,500, from which judgment the defendant has duly appealed.

The assignments are numerous, but the most material ones involve the question of whether the plaintiffs' pleadings are sufficient to support the measure of damages as submitted to the jury and as awarded by the court. In rendering judgment, the court estimated the land of the defendant in New Mexico as of the value of $10,000, and estimated the value of certain farming machinery, etc., received by plaintiffs, and also included in the exchange, at $1,500. The value of plaintiffs' land, situated in Tarrant county, was by the court valued at the sum of $76,310. The pleading that appellees set forth in support of their contention that the proper measure of damages was sufficiently alleged is as follows:

"That heretofore, on, to wit, the 15th day of February, A. D. 1915, plaintiff and defendant made and entered into a written contract whereby the defendant agreed to sell and convey to this plaintiff 600 acres of land situated about two miles east of the town of Dexter, Chaves county, N. M., a more particular description of which is hereto attached and marked Exhibit A and made a part hereof, the same to be sold and conveyed to the plaintiff at and for the consideration and price of $60,000, which this plaintiff was to pay the defendant by conveying to him 206 acres of land just outside of the city limits of Ft. Worth, Tarrant county, Tex., at the agreed value of $76,310."

Reference is also made by the appellees to the preliminary contract in writing made by the parties before the exchange was finally consummated, and also to the deed from the defendant to the plaintiffs, but neither of these instruments add any force to that part of plaintiffs' petition that appellees set forth, and which we have quoted.

[1-3] It seems quite plain to us that the plaintiffs' petition does not furnish a sufficient basis for the proper measure of damages in this case. It is the "agreed value" of the Texas land that is given in the pleadings, and, as alleged, the New Mexico land was merely "to be sold and conveyed to the plaintiff at and for the consideration and price of $60,000." No reference whatever is made to the value of the personal property conveyed by the defendant to the plaintiffs in the exchange. The general rule established and maintained from an early date is that the allegations of a plaintiff's petition must be sufficient to constitute a legal basis on which to predicate a judgment in his favor. See Hall and Jones v. Jackson, 3 Tex. 305; Cooper v. Loughlin et ux., 75 Tex. 524, 13 S. W. 37; Western Union Tel. Co. v. Smith, 88 Tex. 9, 28 S. W. 931, 30 S. W. 549; Montgomery v. McCaskill, 189 S. W. 797. In the last-cited case the general rule was held to apply in cases like this. It is there held that proof of values of properties exchanged was not available in the absence of allegations of such values. Indeed, it seems manifestly true that it would be necessary for a plaintiff to set forth the necessary facts to be considered by the court in measuring his damages, for the burden is not only upon the plaintiff to allege the facts necessary to a recovery, but he must also allege facts necessary to show the amount to which he is entitled.

[4] The leading case in our decisions on the subject of the proper measure of damages in cases of the kind we now have before us is the case of George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456. The standard there given is that in cases where an exchange of properties has been made the measure of damages for fraudulent representations inducing the contract is, not the difference between the value of the property received by the defrauded party and its value if the representations had been true, but the difference between the value of the property received and that given in exchange. This case has been uniformly and consistently followed by our courts ever since its rendition. See Foster v. Atlir (Tex. Com. App.) 215 S. W. 955; Moody v. Rowland, 46 Tex. Civ. App. 412, 102 S. W. 911; Weeks v. Stevens, 155 S. W. 667; Williams v. Detroit Oil Co., 52 Tex. Civ. App. 243, 114 S. W. 167; Beckwith v. Powers, 157 S. W. 177; Martin v. Goodman, 187 S. W. 689; Cox v. Barton (Tex. Com. App.) 212 S. W. 652. And in cases of the kind it is the actual, and not the agreed or estimated, values that must be alleged and found. In the case of Foster v. Atlir, 181 S. W. 524, which was a case, as here, of an executed contract for an exchange of properties, it was said:

"The correct measure of the damage recoverable in this suit is the difference, if any, in the actual value between the property conveyed by appellees and the value of the properties received by appellees. The contract value of appellees' property has nothing to do with fixing the basis of values of said property or the measure of damages in this character of suit. What appellees have lost by the transaction is the point of inquiry, and that amount ascertained is the measure of their damages"—citing George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456.

To award the plaintiff in estimating his damages the "agreed value" of his land would be to give him the benefit of his contract. This would be allowable if the case was one

wherein the plaintiff was suing for a breach of the contract to convey, but the action here is not of that kind. The contract has been executed by conveyances duly passed between the parties, and this distinction was pointed out as a reason for the decision in the case of George v. Hesse, to which we have referred.

[5] It follows that, the plaintiffs having only alleged the estimated or contract values of the land involved, there was no sufficient basis for the proof, findings, or judgment of actual values. Furthermore, by no possible construction can it be said that the pleadings alleged the value of the moneys and of the other personal property that the plaintiffs received in the transaction, and it was as necessary to allege the value of this property as of the real property. See Beckwith v. Powers, 157 S. W. 177; Moody v. Rowland, 46 Tex. Civ. App. 412, 102 S. W. 911, loc. cit. 915.

[6] By one of appellant's assignments it is contended that inasmuch as John Lamb, as the agent ·of his wife, prior to the exchanges under consideration, visited the appellant's land in New Mexico and made a personal examination thereof, appellees could not rely upon the alleged statements of appellant and of his agents as to the character of the land; but we are not prepared to agree with this contention. It is true Mr. Lamb went to appellant's land in New Mexico, made an inspection in company with one of appellant's agents, to whom he had been referred, but he was unacquainted with the country or the character of the soil, and testified that the particular part examined had been recently plowed, in which condition no evidence of alkali was present: that another part, represented to be of the very same character as the plowed land, was swampy and required drainage, etc.; and we think it was a question for the jury to determine whether in the exercise of ordinary care he was deceived.

[7] As already noted, one of the representations relied upon by the plaintiff was the assurance that the land was not within a drainage district, which, it otherwise being the fact, resulted in the imposition of a lien under the laws of New Mexico of $16,383.11. The evidence on this subject, however, tends to show that, while the plaintiff's husband made special inquiries relating to the subject, it was nevertheless, we think, for the jury to say whether or not under all the circumstances the husband was actually deceived, and, if so, whether the representation that the land was not in drainage district was a material inducement to plaintiff in entering into 'the contract. Moreover, the evidence tends to show that, while previous to the entering into the contract of exchange there had been some proceedings under the laws of New Mexico to include appellant's land within a drainage district, yet the final order, upon which alone could be based the establishment of the lien on the land for the cost of the proceedings, had been revoked prior to the time that appellant and appellees entered into the contract of exchange, and prior to the time of the actual exchange, and that it was not until after Mrs. Lamb had been made a party in new proceedings, as we infer, that the final establishment of the drainage district and the final assessment and lien against the land had been made. Should the facts so appear upon another trial, we think the evidence of the assessment and drainage lien should be excluded, in so far as thereby appellees seek to establish the existence of a lien in addition to those represented by appellant at the time of the exchange in lands.

For the reasons noted, the judgment below will be reversed and the cause remanded.