MONTGOMERY v. McCASKILL. (No. 5729.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 15, 1916.)

1. EXCHANGE OF PROPERTY ☞8(5)—BREACH OF CONTRACT—DAMAGES—MEASURE.

For a breach of contract to exchange realty, the measure of damages is the difference in market value between the two properties.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. § 18; Dec. Dig. ☞8(5).]

2. EXCHANGE OF PROPERTY ☞8(3)—BREACH OF CONTRACT—DAMAGES—MEASURE—PLEADING.

A petition for breach of contract to exchange realty merely alleging that plaintiff's four sections of land were worth $15.55 per acre, and that plaintiff was to take defendant's realty subject to a mortgage for $18,400, and that his equity, had defendant performed, would have been about $30,000, though aided by the answer, alleging the values to be $39,808 and $30,000, respectively, was defective in failing to show, as a basis for assessment of damages, the market values of the properties.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. § 16½; Dec. Dig. ☞8(3).]

3. EXCHANGE OF PROPERTY ☞8(5) — BREACH OF CONTRACT—DAMAGES—MEASURE.

In a petition for breach of contract to exchange realty, allegations as to commissions and inability to close another trade set up no cause of action, since such matters are no part of the measure of damages.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. § 18; Dec. Dig. ☞8(5).]

4. JUDGMENT ☞18(3)—SUFFICIENCY OF PETITION—GENERAL DEMURRER.

A petition subject to general demurrer will not support any judgment, since a verdict, however well supported by the evidence, cannot be upheld in the absence of pleadings to form a basis for it.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 36; Dec. Dig. ☞18(3).]

5. PLEADING ☞403(2)—PETITION AND ANSWER—SUPPLEMENTING PETITION.

The allegations of the answer may be used to aid and supplement those of the petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1344–1347; Dec. Dig. ☞403(2).]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by K. H. McCaskill against John F. Montgomery. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Gordon Bullitt, of San Antonio, for appellant. John D. Hartman, of San Antonio, for appellee.

---

FLY, C. J. This is a suit for damages arising out of the breach of a contract to exchange certain real estate, made by and between appellant and appellee. The cause was submitted to the jury on special issues, and upon the answers judgment was rendered in favor of appellee in the sum of $3,-852.

It was alleged that a contract had been entered into between appellant and appellee whereby appellee sold to appellant four sections of land in Winkler county, Tex., there being an incumbrance on the land of $5.55 an acre, and received in exchange for the same from appellant a property in San Antonio known as the Glenwood Apartments, located on four lots, together with four lots lying back of and adjoining the apartment lots, and the furniture in such apartments. It was recited in the contract that there was an incumbrance on the city property of $18,-400, which was assumed by appellee, with the exception of $1,500 which was to be paid by appellant. Appellee alleged a breach of the contract by the refusal of appellant to accept the deed tendered him by appellee, and by a refusal to execute and deliver to appellee a deed to said city property.

[1, 2] The measure of damages in this suit would be the difference in the market value of the property in Winkler county and the property in the city of San Antonio. Sedgwick, Damages, § 1020. That is, if the market value of the four sections of land in Winkler county was of less value at the time of the breach of contract than the property in the city of San Antonio, appellee, under proper allegations, was entitled to recover the difference in values. The only attempt on the part of appellee to allege the value of the properties was:

"The plaintiff further avers that the four sections of land in Winkler county, Tex., mentioned in above contract were valued at $15.55, and that the plaintiff was to take the Glenwood Apartments, mentioned in the above contract, subject to an incumbrance of $18,400, and that the value of plaintiff's equity in the Glenwood Apartments, had the contract been carried out by the defendant, was about $38,000."

It is apparent that there is no allegation of the market value of the property at any time. What was the market value of the property at the time of the breach of the contract, or at any other time? To this question the petition gives no response. The defect in the petition is practically admitted by appellee, but he seeks to cover the defect through the allegations of the answer. The answer stated that the market value of the four sections of land was $39,808, and the property to be conveyed to appellee was of the value of $30,000, that is, appellee was to sell property to appellant of value in the sum of $9,808 greater than that of the property he was to receive, and consequently he actually saved that sum by a breach of the contract, if the allegations of the answer be adopted.

The answer of the jury as to the value of the Glenwood Apartments and other city property at time of the breach had no basis in the pleadings, because appellee alleged that his equity in the property was "about $38,000" at some time not mentioned, and although the petition and answer both alleged the value of the four sections to be $39,808, the jury found that its market value was $32,000. The market value of the property was not mentioned in the petition.

[3] The other allegations as to commissions and inability to close another trade set up no cause of action; the measure of damages in cases of this character not including such matters.

[4] The petition was subject to a general demurrer, and consequently would not support any judgment. However much testimony there may be to support a verdict, it cannot be upheld in the absence of pleadings forming a basis for it. Maddox v. Summerlin, 92 Tex. 483, 49 S. W. 1033, 50 S. W. 567.

[5] There can be no doubt of the soundness of the proposition that allegations of an answer may be used to aid and supplement the allegations of a petition, but, as before stated, the allegations of the answer herein do not aid the petition, but tend rather to break it down and destroy it. The allegations of both petition and answer do not set out a case for appellee.

The judgment is reversed, and the cause remanded.