LINNARTZ v. LAWRIE.　(No. 5812.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 21, 1917.)

1. FRAUD ⊕=59(3)—DAMAGES FOR MISREPRESENTATIONS—MEASURE.

In an action by the purchaser of land for damages for misrepresentations that there was a good well of water located on the land, the measure of damages is the difference in the amount the buyer paid for the land and its true value.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 62.]

2. JUDGMENT ⊕=18(2) — PLEADING TO SUPPORT.

In an action by the buyer of land for damages by the seller's misrepresentation that there was a good well thereon, where the pleadings failed to indicate what the buyer paid for the land, or that it was of less value than the sum he paid, there were no allegations on which the court could invoke the proper measure of damages in rendering judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 36.]

3. FRAUD ⊙⟞⟞59(1)—MISREPRESENTATIONS AS TO WELL—MEASURE OF DAMAGE.

Where the seller of land misrepresented that there was a good well thereon, he was not liable to the buyer for the amount paid out by the latter in digging wells.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 60.]

Error from Bexar County Court for Civil Cases; John H. Clark, Judge.

Suit by A Lawrie against W. G. Linnartz. To review a judgment for plaintiff, defendant brings error. Judgment reversed, and cause remanded.

Carlos Bee and C. C. Todd, both of San Antonio, for plaintiff in error. Hugh R. Robertson and Claude J. Carter, both of San Antonio, for defendant in error.

FLY, C. J. This is a suit for damages instituted by defendant in error which he claims to have accrued by reason of the false representations of plaintiff in error to the effect that there was a good well of water on a certain tract of land whereby he was induced to buy said land. Judgment by default was rendered against plaintiff in error in the sum of $508.40.

The allegations of the petition are as follows:

"Plaintiff avers: That heretofore, to wit, during the month of August, 1913, plaintiff purchased from defendant 100 acres of land near San Antonio, Tex., through William George, agent and representative of the defendant. That on or about said time defendant and his agent represented to plaintiff that there was a good well of water located on said land, and that same was sufficient to supply him with water for household and other necessary purposes, and that said well was a good and sufficient well in every respect. That thereafter, on or about the 1st day of December, 1913, plaintiff discovered that said well was absolutely worthless, and contained nothing but rain water, and was not a good and sufficient well for the purposes represented by defendant, but was absolutely worthless.

"Plaintiff avers: That said representations made by defendant and his agent were false and were known to be false by defendant, at the time they were made, and were made for the purpose of inducing plaintiff to act upon them and purchase said property, and plaintiff did so believe said representations to be true, believing them to be true. That by reason of said false and fraudulent representations, plaintiff, in order to secure water, was forced to dig three other wells on said land, one 154 feet, one 110 feet, and the other 33 feet. The reasonable value of said labor is $1 per foot, making a total of $297; he paid for cleaning the old well the sum of $25; that he employed a well driller, to whom he paid the sum of $93.75. For material for said wells, he paid the Alamo Iron Works the sum of $92.65. That he was compelled for three or four months to haul water a distance of several miles, at great expense and loss of time, and by reason of said false and fraudulent representations, plaintiff has been damaged in the premises in the sum of $950."

[1] The measure of damages in such cases, as the one under consideration, is the difference in the amount defendant in error paid for the land and the true value of the land.

Or, as said in George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456, "Logically, therefore, what he has lost by the transaction is the measure of his damages."

[2, 3] The pleadings fail to indicate what defendant in error paid for the land, or that it is of less value than the sum he paid for it. The allegations fail to show any damages recoverable under the law. It may be, as contended by defendant in error, that a pleader is not called upon to state what the measure of damages is in his pleadings, but he must allege sufficient to show that, under the law, he has been damaged. Plaintiff in error is not liable to defendant in error for the amount paid out for wells by defendant in error, and there is no allegation in the petition upon which to base the recovery of damages arising from false representations in regard to the land. The court could not invoke the proper measure of damages in rendering the judgment because there was no allegation upon which to base such rule. Montgomery v. McCaskill, 189 S. W. 797.

The judgment is reversed, and the cause remanded.