FOSTER et al. v. ATLIR et ux.
(No. 95–2920.)

(Commission of Appeals of Texas, Section A.
Nov. 19, 1919.)

1. EXCHANGE OF PROPERTY ⬅8(5) — MEAS-
URE OF DAMAGES FOR DEFICIENCY.

In action for deficiency in property receiv-
ed in exchange, the measure of damages is the
difference between the value of the property
given and that actually received in exchange
at the time of the exchange, and in the absence
of a finding as to value of the respective prop-
erties the court cannot render a proper judg-
ment.

2. TRIAL ⬅351(2)—REQUEST TO SUBMIT IS-
SUE SUFFICIENT.

Filing before charge was read to jury of
written objections to issues submitted on ground
that case was submitted on wrong theory as
to measure of damages, and framing and in-
corporating in objections an issue on measure
of damages with request that it be submitted,
was a sufficient request to submit issue within
Rev. St. 1911, art. 1985, requiring written re-
quest.

3. APPEAL AND ERROR ⬅1062(2)—REVERSI-
BLE ERROR; FAILURE TO SUBMIT ESSENTIAL
ISSUE.

In action for damages for deficiency in
property received in exchange, failure to sub-
mit requested issue, requiring jury to find the
difference between value of the property receiv-
ed and that given in exchange, held reversible
error.

Error to Court of Civil Appeals of Eighth
Supreme Judicial District.

Action by John Atlir and wife against
Frank Foster and another. Judgment for
plaintiffs was affirmed by the Court of Civil
Appeals (181 S. W. 520), and defendants
bring error. Reversed and remanded for new
trial.

Joseph M. Nealon and Jones, Jones & Har-
die, all of El Paso, for plaintiffs in error.

Davis & Goggin, of El Paso, for defendants
in error.

STRONG, J. The defendants in error sued
Foster and McCarthy to recover damages for
false representations made in the exchange
of lands. It was alleged in the petition that
plaintiffs conveyed certain lots in the city
of El Paso, Tex., to defendants, in exchange
for a tract of land, and other property not
necessary to describe, situated in Dona Ana
county, New Mexico; that defendants repre-
sented to plaintiffs that they had perfect title
to the tract of land conveyed, and that it
contained 151 acres; that in truth the de-
fendants had no title to 17.38 acres of the
land, and, in addition, there was a shortage
in acreage of 32.11 acres; that the false
representations made by defendants as to the

title and acreage of the land were fraudu-
lently made for the purpose of inducing
plaintiffs to enter into the contract of ex-
change, and that they would not have en-
tered into the contract but for said repre-
sentations. It was further alleged that in
making the exchange of properties, the par-
ties agreed on the respective values thereof;
and that by reason of the shortage in acre-
age of 32.11 acres and the failure of title
to 17.38 acres, the difference between the
value of the land and other property received
and that given in exchange, on the basis of
the agreed value, was $5,100. Plaintiffs
sought a recovery of that amount as dam-
ages, or in the alternative such sum as the
evidence might show would compensate them
for the loss sustained. Defendants denied
the material allegations in the petition. The
trial before a jury resulted in a judgment
in favor of plaintiffs, which was affirmed by
the Court of Civil Appeals. 181 S. W. 520.

The case was submitted to the jury on
special issues. The issue as to the value of
the property given in exchange by the plain-
tiffs was properly submitted and found by
the jury, but no issue was submitted, and no
finding made by the jury as to the value of
the property received. Instead the court di-
rected the jury, in arriving at the value of
the shortage, to assume the value of the
property received to be the same as the val-
ue, found by them, of the property given in
exchange.

[1] The measure of damages in a case of
this character is the difference between the
value of the property given and that actually
received in exchange, at the time of the ex-
change, and in the absence of a finding as
to the value of the respective properties the
court could not render a proper judgment.
George v. Hesse, 100 Tex. 44, 93 S. W. 107,
8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772,
15 Ann. Cas. 456; Cox v. Barton, 212 S. W.
652.

[2, 3] It is contended, however, that defend-
ants did not properly request the submission
of the omitted issue, and, as there was evi-
dence of the value of the property received
in exchange, that its value, under the provi-
sions of article 1985, R. S. 1911, should be
deemed as found by the court in such manner
as to support the judgment. We cannot
agree with this contention. The article
above referred to provides, in substance, that
the failure to submit an issue shall not be
deemed ground for reversal of the judgment
unless its submission was requested in writ-
ing, and further provides that on appeal an
issue not submitted and not requested shall
be deemed as found by the court in such
manner as to support the judgment, if there
be evidence to sustain such finding. This
case was tried after the Practice Act of 1913

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(Acts Reg. Sess. p. 113, c. 59 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 1954, 1970, 1971, 1973, 1974, 1984a, 2061]) became effective. The defendants, before the charge of the court was read to the jury, filed written objections to the issues submitted, on the ground that the case was submitted upon the wrong theory as to the measure of damages, and framed and incorporated in the objections an issue, with the request that it be submitted, requiring the jury to find the difference between the value of the property received and that given in exchange. This was, in our opinion, a sufficient request to submit the omitted issue. The statute merely requires that the request to submit an issue be in writing, and in such form as to advise the court that the complaining party desires to have the jury, rather than the judge, decide the issue incorporated in the request. Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132. The failure of the court to give the requested issue requires a reversal of the case.

It is unnecessary to pass upon the questions raised by the other assignments, as they will probably not arise upon another trial.

We are of opinion that the judgment of the Court of Civil Appeals and that of the trial court should be reversed, and the cause remanded for a new trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the questions discussed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes