**BATES et al. v. DIPPLE.   (No. 1350.)**

(Court of Civil Appeals of Texas. El Paso. June 1, 1922.)

1. **Damages** ⚖➡157(1)—**Evidence as to market value held admissible as against contention that no time or place of market was alleged.**

In action for breach of contract to give plaintiff one-half of the chickens raised on defendants' chicken ranch for services in caring for the chickens, testimony as to the market value of chickens *held* admissible as against contention that no time or place of market was alleged.

2. **Husband and wife** ⚖➡229(6)—**Husband, suing on contract made by defendants with husband, could not recover on proof of contract made with wife.**

Husband, suing for breach of contract to give him one-half of the chickens raised on defendants' chicken ranch for services in caring for the chickens, could not recover on proof of contract made by defendants with his wife.

3. **Pleading** ⚖➡380 — **Allegations and proof must correspond.**

Allegations and proof must correspond.

4. **Trial** ⚖➡352(5) — **Special issue held on weight of evidence.**

In an action involving the issue as to the existence of a contract, special issue, "Did J—— [defendant] breach his contract?" *held* on the weight of the evidence, in that it assumed the existence of the contract.

Appeal from Throckmorton County Court; John Lee Smith, Judge.

Action by W. M. Dipple against James Bates and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Andrews & Andrews, of Stamford, and Stinson, Coombes & Brooks, of Abilene, for appellants.

M. S. Long, of Albany, and T. R. Odell, of Throckmorton, for appellee.

HARPER, C. J. This action was brought by W. M. Dipple against Jim Bates and Mrs. N. J. Brown, as partners. In the first count of the petition it is alleged, substantially:

"That about March 29, 1920, plaintiff and defendants entered into a contract, the terms of which were substantially as follows: Plaintiff agreed to take charge of the chickens on defendants' ranch, defendants to furnish the chickens and feed them and give plaintiff one-half * * * raised by himself and family. * * * It was agreed and understood that Mrs. Wm. Dipple was to do most of the necessary work in their care and attention. That they did take charge of them and raised a large flock. That 350 of them were not divided, and that defendants refused after demand to turn over one-half thereof, but converted them to their own use. That said one-half is of the value of $175."

Second count:

"That on or about September, 1920, * * * defendants employed plaintiff to work for them on the Bates & Brown ranch for a stipulated price of $150 per month for a period of one year or longer. * * * That on or about October 29, 1920, defendants discharged plaintiff without cause and refused to further carry out the contract, to plaintiff's damage in the sum of $250."

Third count:

"That plaintiff is further due $35 for work done under contract for extra pay during hay-baling season."

Defendants answered by general denial; specially, that the contract was for $150 per month, from month to month, and not for one year as alleged.

The cause was submitted upon special issues, as follows, as pertinent to the assignments of error:

"(1) Did Jim Bates agree with Mr. Dipple, Mrs. Dipple, or either of them, to allow them one-half of the chickens raised under their care on the defendants' ranch? Answer: Yes."

"(2) If so, what was the value of their one-half? Answer: $131.00."

"(3) Did Jim Bates breach his contract with W. M. Dipple relative to the latter's labor on defendants' ranch, and by said alleged breach did he injure plaintiff Dipple? If so, to what amount? Answer: $125.00."

"(4) Did defendants, Jim Bates et al., agree by separate contract to pay plaintiff, Dipple, for extra work done in hay-baling season in the amount of $35, or the equivalent thereof in the form of a pair of boots? Answer: Yes."

Upon the answers indicated, judgment was entered for $291, from which an appeal has been perfected.

[1] There is no merit in the first assignment, that the testimony of Mrs. Dipple as to the market value was not admissible, because no time nor place of market was alleged.

[2] The second is that the court erred in refusing a peremptory instruction for defendant on the item for value of the one-

half of the chickens. And the court erred in submitting the first special issue, because the evidence does not support the allegations in the pleadings as to this item. This is well taken. It will be noted that plaintiff pleads a contract with defendants for himself to take charge of and care for, etc., the chickens, and the testimony is that the agreement concerning raising chickens was with his wife, and issue No. 1 permits a finding for plaintiff if the contract was with either.

[3] By special charge for defendant, and by exception to issue No. 3, it is urged that the evidence does not support the allegations as to breach of contract with W. M. Dipple for $150 per month for one year. The petition alleges that the contract was for $150 per month for himself for a period of 12 months, and the only testimony is that himself and son was to work for nine months at $75 per month each; so the allegations and proof do not correspond, as required by law. Padgitt Bros.. Co. v. Dorsey (Tex. Civ. App.) 194 S. W. 1124.

[4] Assignment No. 7, and the proposition germane thereto, that special issue No. 3 is upon the weight of the testimony, in that it assumes that a contract was made as alleged by plaintiff, while defendants plead a contract from month to month, and introduced testimony in support thereof, is well taken. It is improper, and reversible error, to assume as a proven fact a material issue, where there is pleading and proof warranting a contrary inference or finding. The question of whether there was a contract for nine months or one year, or whether it was from month to month was not submitted. And the third issue is:

"Did Jim Bates breach his contract with Dipple relative to the latter's labor on defendants' ranch," etc.

Thus it assumes that plaintiff had a contract as alleged, and is therefore upon the weight of the evidence. Carothers v. Finley (Tex. Civ. App.) 209 S. W. 801.

Because of the errors indicated, the cause is reversed and remanded. The other assignments are overruled, because they do not present reversible error.

Reversed and remanded.