## AUSTIN GASLIGHT CO. v. ANDERSON et al. (No. 6739.)

(Court of Civil Appeals of Texas. Austin. April 16, 1924. Rehearing Denied May 21, 1924.)

**1. Trial ⟨key⟩191(7)—Instructions in action against gas company held to erroneously as-sume fact in issue.**

In action against gas company for death of plaintiffs' decedent from asphyxiation, in-structions which assumed fact decedent's stove had been lighted, and later extinguished as a result of defendant's negligence, *held* errone-ous for failure to submit the issue as to whether the stove was actually lighted.

**2. Trial ⟨key⟩351(2)—All controverted issues should be affirmatively submitted.**

Under Rev. St. arts. 1971, 1984, 1985, the court should affirmatively submit all contro-verted issues, and only where no request is

made in writing for the submission of a particular issue is it the duty of the court to assume or find any fact or issue raised by the pleadings and evidence.

**3. Trial ⟨⟩351(2)—Counsel objecting to instruction submitting issue of interest only to opposing party need not prepare correct charge.**

Counsel objecting to instruction submitting issue of interest only to opposition need not prepare a special charge covering matter complained of.

**4. Trial ⟨⟩191(7)—Instruction as to contributory negligence of decedent held confusing and susceptible of erroneous construction.**

In action against gas company for death of plaintiffs' decedent on question of contributory negligence *held* misleading, confusing, and susceptible of the construction that the court had determined decedent's stove had been lighted before his asphyxiation when such fact was a controverted issue.

**5. Witnesses ⟨⟩388(2)—Portion of petition in former divorce action offered to impeach divorced wife held properly excluded in absence of proper predicate.**

In action by divorced wife, as next friend of her children, to recover for the death of their father, her divorced husband, it was not error to exclude a portion of her petition in the divorce action, tendered for the purpose of impeachment, in the absence of a proper predicate, notwithstanding the petition was sworn to.

**6. Death ⟨⟩69—Decedent's answer in divorce action held admissible on question as to support expected by children.**

In action by minor children for death of their father, resulting in loss of support, decedent's answer in divorce action, wherein he had requested the court to award custody of the children either to him or to their mother, *held* admissible as throwing light upon his attitude toward their support, and indicating the extent to which he would contribute.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by Mrs. Janie Anderson, as next friend of Mary Elizabeth Anderson and James Anderson, minors, against the Austin Gaslight Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded for new trial.

White, Wilcox, Graves & Taylor, and T. H. McGregor and A. L. Love, all of Austin, for appellant.

Warren W. Moore, Fred W. Moore, and J. D. Moore, all of Austin, for appellees.

BLAIR, J. Mrs. Janie Anderson, the divorced wife of A. J. Anderson, suing as next friend for Mary Elizabeth Anderson and James Anderson, minors, and her children, recovered judgment against appellant, Austin Gaslight Company, in the sum of $10,200, for damages alleged to have resulted to said minors by reason of the death of their father by asphyxiation, caused by the negligence of appellant in failing to properly construct, lay, and operate its gas mains, pipes, drips, drains, cut-offs, and meters, etc., furnished by it in its service pipes, etc., to deceased's residence, which negligence was alleged to have caused water to form in the gas service pipes furnished deceased by appellant, thereby cutting off the flow of gas after deceased had lighted his stove, so as to extinguish the flames, and then again continue flowing into the dwelling house of deceased, asphyxiating and killing him.

We have concluded that the cause must be reversed and remanded for errors in the court's charge submitting the case to the jury; and we will, therefore, pretermit any discussion of the evidence, except to say, in answer to appellant's contention that there is no evidence to support the jury's finding that appellant was negligent, we think the evidence sufficiently supports the verdict and establishes the negligence of appellant.

[1] The cause was submitted to the jury upon special issues, No. 1 of which reads:

"Did the defendant company, in making installations and provisions for furnishing gas to the house occupied by the deceased, A. J. Anderson, connect and lay pipes, and the meter connections, on such an incline and in such a manner that the water collecting in the gas main on Sabine street, and in the pipes and connections leading to and through deceased's dwelling, had no outlet, and remained standing in the pipes to said house and the meter attached thereto; and did such collection of water in said pipes and' meter, if any, extinguish the flames in the oven of the stove in deceased's dwelling, on or about the 5th day of February, 1922, leaving the gas irregularly flowing through the openings of the stove, and which asphyxiated the said A. J. Anderson, and thereby caused his death?"

Numerous objections were urged by appellant to this special issue, one of which is in part:

"Defendant objects to question No. 1 * * * because it assumes that the gas stove was lighted and that there were flames of gas, whereas such was a disputed and contested issue. * * * Because the question assumes the stove had been lighted, and that the gas was caused to flow irregularly by the extinguishing of the flames."

Appellant also addressed the following objection to this issue:

"Defendant objects to questions Nos. 1, 2, and 3, and to the entire charge, because it fails to require a finding by the jury upon the issue of fact whether the said A. J. Anderson, on the occasion in question, lighted the gas stove. The charge assumes and presumes that the gas stove was lighted, and that the flames were extinguished."

This special issue, as given by the court, does not submit in an affirmative way the question of whether Anderson had lighted the stove. The affirmative issue submitted is: Were the flames extinguished by the water in the pipes? An affirmative answer to this issue might necessarily be a finding of the jury that there were flames before they could be extinguished; but the issue did not necessarily impose the duty upon the jury, in answering the question, to determine if the stove had been lighted, and herein lies the vice of this charge. They could have reasonably assumed, from the language used by the court, that the court did not attach much weight or importance to the fact of whether or not the stove had been lighted, but that the important question was whether or not the water in the pipes extinguished the flames. The jury could also have reasonably concluded from the language used that it was the opinion of the court that the evidence had established the fact that Anderson had lighted the stove, and that all the court wanted to know of the jury was whether the flames of such lighted stove were extinguished by the water in the pipes. Whether the issue can be said to assume the fact that Anderson had lighted the stove is at least not clear. The charge, as given, might have led the jury to the conclusion that such was the belief of the court, and would, therefore, be a charge upon the weight of the evidence, rquiring a reversal of the judgment. Casualty Co. v. Hogan (Tex. Civ. App.) 232 S. W. 354; Bates v. Dipple (Tex. Civ. App.) 242 S. W. 541; Brewster v. City of Forney (Tex. Civ. App.) 196 S. W. 636. The question, stripped of all other language than the point at issue, would read:

"Did such collection of water in said pipes and meter, if any, extinguish the flames in the oven of the stove?"

It appears to us that the important and paramount issue in the case, aside from the negligence of appellant, was the issue raised by both the pleadings and evidence of whether the gas asphyxiating Anderson came from burners or jets that had been lighted, and then become extinguished by the water in the pipes, or whether the gas burners or jets had been carelessly or purposely left open, by deceased, without being lighted. Appellees alleged that they were so lighted, and thereby assumed the burden of proving the issue. They sufficiently established the issue by a preponderance of the evidence, but not conclusively as a matter of law, the testimony being conflicting.

Appellant objected to the assumption of this fact by the trial court, and further objected to its failure to submit such issue to the jury.

[2] Articles 1971, 1984, and 1985 make it the duty of the trial court to submit all controverted issues of fact made by the pleadings and evidence to the jury for its determination in an affirmative way. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517. Only in instances where no request is made in writing is it the duty of the trial court, under the above statutes, to assume or find any fact or issue raised by the pleadings and evidence. "The statute merely requires that the request to submit an issue be in writing, and in such form as to advise the court that the complaining party desires to have the jury, rather than the judge, decide the issue incorporated in the request." Foster v. Atlir (Tex. Com. App.) 215 S. W. 955; Brady v. McCuistion (Tex. Civ. App.) 210 S. W. 815; Tex. Refining Co. v. Alexander (Tex. Civ. App.) 202 S. W. 131; Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132; Ft. W. Ry. Co. v. Amason (Tex. Civ. App.) 249 S. W. 1090.

[3] Counsel for appellant, by objection, specifically called the court's and opposing counsel's attention to that portion of this special issue which was objectionable to the excepting counsel. The objectionable portion of this issue was a theory of interest only to appellees; hence no duty devolved upon excepting counsel to prepare a special charge covering the matter complained of. The Commission of Appeals determined this question in the recent case of Osceola Oil Co. v. Stewart Drilling Co., 258 S. W. 809, in which decision the following language was employed:

"It certainly could not be held to be the duty of counsel for the oil company to go farther, and themselves prepare a correct charge giving to the jury a theory of interest only to their opposing counsel. The statute does not require it, and the Court of Civil Appeals does not so hold. We think the latter court failed to observe that objections of counsel were not to the charge as a whole, but to that portion of it with reference to the discovery of an oil-bearing sand. The court should have amended this charge. His failure to meet these exceptions was properly excepted to, and is here for review. In our judgment this reason presented by the Court of Civil Appeals will not suffice to excuse the giving of this erroneous charge."

[4] The same objection was made by appellant to question No. 4 of the court's charge as it made to question No. 1. Question No. 4 reads:

"Was the fact, if it is a fact, that water accumulated in the pipes and fixtures on the premises occupied by the deceased, A. F. Anderson, and caused the flames in his stove to become extinguished, and gas to flow irregularly, known to the said deceased, A. J. Anderson, on or prior to the day of his death, or could it have been known to him by the exercise of ordinary care, as that term has been hereinbefore defined?"

In connection with this objection, appellant prepared and requested the court to give the following special issue:

"At the time that the deceased, A. J. Anderson, lighted the gas stove, if he did light it, or turned on the flow of gas, if he did do so, on or about the 5th day of February, 1922, did he know, or by the exercise of ordinary care could he have known, of a condition (if such condition existed) that would cause the gas to flow irregularly, and in such manner that the flow of gas was in danger of being cut off?

"The above special issue is requested after the court has overruled the defendant's objections to the court's charge, and before the charge of the court is read to the jury."

We think this special issue should have been given as requested. The qualifying clause in the issue complained of—"Was the fact, if it is a fact"—certainly could not relate to the question of whether Anderson lighted the stove, because such question is not submitted by this issue in an affirmative way, and the jury could only have found such issue by an inference from their finding that the flames were extinguished. The special issue requested by appellant correctly presents the issue of contributory negligence as raised by the pleadings and evidence. The special issue given by the court is, to say the least, misleading and confusing, and susceptible of the construction that it might cause the jury to conclude that the court had determined that the stove had been lighted, and requires a reversal of the case. Wilson v. Crowdus Drug Co. (Tex. Com. App.) 222 S. W. 223.

[5] We do not sustain appellant's contention as to the admissibility of certain paragraphs of Mrs. Janie Anderson's divorce petition, filed in her suit against her husband for divorce. She is not a party to this proceeding, except in a formal way. Her petition, or any portion of it, would only become admissible upon some specific issue of impeachment of her testimony given on the trial; and, under the rules governing impeaching testimony, no proper predicate was laid for the introduction of any portion of her petition in this case. The fact that the petition was sworn to does not excuse the party offering the impeaching testimony from complying with the rule as to such testimony.

[6] Although we would not reverse this case, in view of the state of the record, because of the failure of the trial court to admit in evidence that portion of deceased's (Anderson's) answer in the divorce proceedings instituted by his wife against him, in which he asked the court to enter a decree either awarding the care and the custody of the children, appellees herein, to him or to the care and custody of his wife; yet we think it does probably throw some light, or at least is a proper matter for the jury to take into consideration under the facts and circumstances of this case, in determining what the probable attitude of deceased would have been toward these appellees in contributing to their support, had he lived, as well as for what it would be worth to them in determining the amount they were to fix as the probable amount he would have so contributed. Any declaration shown to have been made by appellees' father, or shown to have been authorized by him in his answer in this divorce proceeding, tending to throw light upon his attitude toward the future support, care, and maintenance of appellees, would be admissible in evidence for whatever it would be worth to the jury in determining the issue submitted to them as to the amount deceased would have probably contributed to their support, had he lived.

All other propositions of appellant are overruled.

For the reasons above stated, we are compelled to reverse and remand this cause for a new trial.

Reversed and remanded.