**B. & H. MOTOR CO. v. TUCKER.  (No. 360.)**

Court of Civil Appeals of Texas. Eastland.
Nov. 18, 1927.

**1. Fraud ⚖=59(1)—Measure of damages for fraud in exchange of automobiles held difference in value between automobile received and that given, less amount of note given.**

Measure of damages for fraudulent misrepresentation as to year model of automobile taken in exchange for another automobile *held* difference in value between automobile received and that given in exchange, less amount of note given by person defrauded at time of exchange as representing difference in value.

**2. Evidence ⚖=474(19)—Testimony respecting standard of prices established by some dealers, held inadmissible to show damage from fraud in exchange of automobile.**

Testimony of witness that book showed that one year model of certain make of automobile had one price and that another year model of that car had another price, and showed that these values were established by some automobile dealers, *held* inadmissible to show damage arising from fraudulent misrepresentation as to year model of automobile received in exchange of automobiles.

Appeal from Eastland County Court, at Law; Tom J. Cunningham, Judge.

Suit by J. F. Tucker against the B. & H. Motor Company. From a judgment in favor of plaintiff, defendant appeals. Reversed and remanded.

R. R. Holloway, of Brownwood, for appellant.

M. McCullough, of Eastland, for appellee.

HICKMAN, J. [1] The questions of law decided in the opinion can be understood from a short statement of the nature of the suit, without the necessity of a detailed statement of the pleadings and evidence. Appellee was the owner of a used Buick car, and appellant was the owner of a used Studebaker car. An exchange was effected between them, by the terms of which exchange the Buick car was valued at $125, and the Studebaker car at $500. The amount of the difference between the valuations placed by the parties on the two cars was reduced to an installment note, which was later paid by appellee. The suit was brought by appellee for damages against appellant for alleged fraudulent representations made at the time of the exchange; the principal statement relied upon being that the Studebaker car was a 1923 model, when in fact it was a 1922 model.

The measure of damages pleaded by appellee and adopted by the court was the difference between the value of a 1922 model Studebaker car and a 1923 model. This is not the correct measure of damages. It is well established by the authorities that, in suits of this character, based upon an exchange of property, the measure of damages is the difference between the value of the property received and that given in exchange, and not the difference between the value of the property received and its value if the representations had been true. Appellee should have proved the value of the Buick car parted with by him and the Studebaker car received by him, and his damages should have been measured by the difference, if any, between these values, taking into account the obligation for $375. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456; Montgomery v. McCaskill (Tex. Civ. App.) 189 S. W. 797; Linnartz v. Lawrie (Tex. Civ. App.) 192 S. W. 789; Texas Harvester Co. v. Wilson Whaley Co. (Tex. Civ. App.) 210 S. W. 574; Foster v. Atlir (Tex. Com. App.) 215 S. W. 955; Webb v. Emerson-Brantingham Implement Co. (Tex. Civ. App.) 227 S. W. 499; Medley v. Lamb (Tex. Civ. App.) 223 S. W. 1048.

[2] Appellee placed Frank Jones on the witness stand, and was permitted by the court, over the objection of appellant, to prove by said witness that, according to a book which was handed him, the lowest price on a light six Studebaker car of the 1922 model was

$219 and the highest price $256; that for the same character of car 1923 model the lowest price was $321 and the highest price $374. This was clearly improper evidence. The issue was the market value of the particular Studebaker automobile in question as of the date of the exchange. This witness testified that he knew nothing of this particular car, but found from reading this book that the values testified to were the values established by some automobile dealers in determining values of used cars. This testimony could throw no light on the value of this particular car, and was not admissible for any purpose.

In view of another trial, we thing it proper to suggest that the evidence offered by appellee in support of his claim for damages for an overcharge on the insurance premium paid by him to appellant and was not sufficient in the light of his pleadings.

Reversed and remanded.