**BRANTON v. ROBERTSON et al.** (No. 7328.)

Court of Civil Appeals of Texas. Austin.
Feb. 22, 1929.

Webb & Felts, of Austin, for appellant.
Hart, Patterson &. Hart and Hardy Hollers, all of Austin, for appellees.

BAUGH, J. Appellee, joined pro forma by her husband, sued appellant for $5,000 actual and $5,000 exemplary damages, alleging false imprisonment and malicious prosecution. She was arrested and incarcerated upon a complaint signed by Joe Chiles, who was alleged to have been the agent of appellant in so doing, charging her with unlawful disposition of mortgaged property  The case was submitted to a jury upon special issues in response to which they found: (1) That Joe Chiles was actuated by malice in swear-

ing out said complaint; (2) that he made such compliant without probable cause; (3) that in so doing he was acting as the agent of appellant, Branton; (4) that he was, in so doing, acting within the scope of his employment; (5) that appellee suffered damages in the sum of $500. The court thereupon rendered judgment in favor of appellee for said sum, from which this appeal is prosecuted.

Several assignments and propositions are presented, but only two material issues are raised. The first—that is, that the evidence showed conclusively that Branton had nothing to do with the filing of said complaint by Chiles—is not sustained. On that issue the testimony of Branton and Chiles was contradicted by that of appellee and that of the justice of the peace who heard the criminal charges made by Chiles, and the jury believed the latter. Their determination of that matter is conclusive.

Appellant's second contention is that the trial court erred in his failure and refusal, over appellant's written objection to the charge because of such failure, to instruct the jury on the measure of damages, in connection with special issue No. 5. In this we think appellant is correct. Special issue No. 5 reads as follows: "What sum of money, if paid in hand at this time, would fairly and justly compensate the plaintiff Sovallia Robertson for the damages (if any) sustained by her by reason of said arrest and imprisonment?"

It is contended by appellee that under this question the jury found only actual damages, and that appellee in fact abandoned her effort to recover exemplary damages. The record however fails to disclose this. Both actual and exemplary damages were alleged. In response to the issues submitted to them the jury found facts authorizing the recovery of exemplary damages. The submission of these two elements of damage in one charge had been often condemned, but where not objected to has not been considered ground for reversal. Heiligmann v. Rose, 81 Tex. 224, 16 S. W. 931, 13 L. R. A. 272, 26 Am. St. Rep. 804.

In the instant case they were pleaded as separate elements of damage. And not only did the trial court fail to separate them upon objection made in writing, but wholly failed to inform the jury what they were entitled to consider in assessing appellee's damages. The jury was left without chart or compass in this respect. A proper charge, defining what elements the jury were entitled to consider, should have been given. Glasscock v. Shell, 57 Tex. 224; Hines v. Kelley (Tex. Com. App.) 252 S. W. 1036. Nor is it necessary for us to discuss here what those elements are.

Nor was it necessary for appellant to tender a charge on the matters complained of.

It was not incumbent upon it to prepare and offer a proper charge presenting appellee's side of the case, and on issues on which appellee was seeking to recover. Osceola Oil Co. v. Stewart Drilling Co. (Tex. Com. App.) 258 S. W. 809; Austin Gaslight Co. v. Anderson (Tex. Civ. App.) 262 S. W. 136. It was sufficient for him to call attention in writing to the defective charge given. It then became the duty of the court to present a proper instruction. For this reason the judgment of the trial court must be reversed, and the cause remanded for another trial.

Reversed and remanded.