## STAFFORD et al. v. DREWRY et al.
### No. 724.

Court of Civil Appeals of Texas. Eastland.

Oct. 31, 1930.

256

Oxford & McMillan, of Stephenville, for appellants.

Wallace Scott, of Dublin, for appellees.

HICKMAN, C. J.

This suit was instituted by appellees W. B. Whitehead and Ed Snead, their petition complaining of appellee J. D. Drewry and appellant Roy Stafford. The suit against Drewry was upon a promissory note for the principal sum of $495 and for the foreclosure of a chattel mortgage on a Chrysler automobile. Stafford was joined as a party defendant and judgment sought against him on the theory that he had made fraudulent representations to the plaintiffs as to the value of the automobile covered by the mortgage. Allegations were also made that Drewry had made like false representations to the plaintiffs, inducing them to purchase the note sued upon. The defendant Drewry, by a cross-action, brought J. L. Marr into the suit, alleging that Stafford and Marr were partners, engaged in the business of buying and selling automobiles, and that on and prior to November 30, 1928, he (Drewry) was the owner of a certain Chrysler automobile, 1927 model, and on said day Stafford represented to him that the firm of Stafford and Marr owned a substantially new Chrysler 62 car, 1928 model, which had been run only a few thousand miles, and that the paint on said car was the original factory paint; that said car had the appearance of a new car, and the paint was in good condition and apparently new, and said car had the appearance of a 1928 model coach, as represented by Stafford; that, relying upon the representations of Stafford, he consummated a trade with him, whereby he exchanged the car then owned by him for the one owned by Stafford and Marr, giving to them, in addition to the car, a diamond ring and a negotiable note for the principal sum of $495, secured by a mortgage on the car which they were transferring to him. The relief sought by Drewry against Stafford and Marr was a rescission of their trade, and in the alternative, in the event a rescission could not be had, for judgment against them for $525 damages. Judgment was also sought by Drewry against Stafford and Marr for the recovery of all such amounts as might be recovered from him by the plaintiffs Whitehead and Snead on the note described in their petition, to the amount of $350 thereof. He further prayed for judgment for all interest and attorneys' fees that might be recovered against him on said note in favor of the plaintiffs, and for all costs of suit, etc. The appellants, Stafford and Marr, by various exceptions, interposed pleas of misjoinder both as to parties and causes of action.

A jury was demanded and the cause submitted on special issues. By the answers to these issues the jury determined: (1) That Stafford made false representations to White-

---

head concerning the Chrysler automobile; (2) that Whitehead relied thereon in purchasing the note sued on herein; (3) that the market value of the automobile traded by Stafford and Marr to Drewry at the time Whitehead and Snead purchased the note from the defendant Stafford was $500; (4) that its market value would have been $800 had it been a coach, 62, 1928 model, and in good mechanical condition; (5) that Stafford represented to Drewry at the time they traded automobiles that the car he was trading to Drewry was a No. 62, 1928 model, in good mechanical condition; (6) Drewry believed and relied on these representations at the time he traded with Stafford; and (7) the diamond ring traded by Drewry to Stafford was valued at $25. There were other findings immaterial to the disposition of this cause under our views of the controlling questions.

The undisputed facts are that in the trade between Drewry and the firm of Stafford and Marr the former executed to the latter his note for $495 secured by a mortgage on the automobile which Drewry was obtaining in the trade. This amount of $495 included $100 which Drewry owed Stafford and Marr on a prior transaction, and $45 as interest and carrying charges. Stafford proposed to sell this note to Whitehead and Snead, representing that the automobile upon which the mortgage existed was a Chrysler coach, No. 62, 1928 model. Stafford's proposition to Whitehead and Snead was to sell them the note for $450. This sale was to be without recourse on Stafford and Marr. The note was left in Whitehead's possession for a short time for him to investigate same and decide whether he desired to purchase it, with the understanding that, should he decide to purchase it he would send his check to Stafford for $450, and, if he decided not to do so, he would return the note. Whitehead discussed the matter with Drewry, and Drewry told him the car was a No. 62, 1928 model. Instead of purchasing the note which Drewry had executed to Stafford and Marr, Whitehead and Snead took a note directly from Drewry payable to them, secured by a mortgage on the same car as that described in the Stafford and Marr note. That was done in order to employ a different form for the note and mortgage from that used in the Stafford and Marr note. When Drewry executed and delivered this new note and mortgage to Whitehead and Snead, they destroyed the note and mortgage theretofore executed by Drewry to Stafford and Marr, and sent to Stafford $450 in accordance with their previous negotiations.

In so far as the petition of Whitehead and Snead made allegations of fraud against Drewry, same may be disregarded. Their action against him was upon the note for principal, interest, and attorney's fees, and for the foreclosure of a mortgage lien. That was the utmost of the recovery to which they were entitled, and it is wholly immaterial, so long as they were declaring upon this note, that he made false representations to induce them to accept same. They were entitled to but one recovery against him, and, had they elected to base their right of recovery upon the tort, the amount thereof would have been much less than the judgment obtained herein, as will be presently pointed out. The suit therefore between Whitehead and Snead and Drewry was a simple action upon a promissory note, and for the foreclosure of a chattel mortgage securing same. Upon this phase of the case they were properly awarded a judgment against him in accordance with the terms of the note, for principal, interest, and attorneys' fees, and for a foreclosure. Concerning this phase of the judgment there is no difficulty.

But, when their cause of action against Stafford is considered, different questions are presented. He was not a party to the note, and no judgment could be rendered against him thereon. The only cause of action, if any, which the plaintiffs have against him is an action for damages suffered by them on account of alleged false statements made to them by him. It is a simple suit for damages for fraud. They are entitled to no judgment against him except one compensating them for their actual loss occasioned by his false representations. If Drewry is solvent and able to pay this note, they have suffered no damages and are entitled to no judgment against Stafford, notwithstanding he may have misrepresented the value of their security. It was an essential and necessary allegation of their petition that Drewry was insolvent, or, to state it differently, that the note was not worth the amount paid for it at the time they purchased same. In the absence of such allegation, the general demurrer of Stafford to their petition should have been sustained. The evidence is deficient in the same particular, and for that reason is insufficient to sustain any judgment on this phase of the case.

The measure of damages applied in favor of Whitehead and Snead against Stafford is manifestly incorrect. They were awarded judgment against him for all amounts due on their judgment against Drewry after the proceeds of the sale of the mortgaged automobile had been applied thereon. The effect of this judgment is to allow a recovery against Stafford on the basis of an original outlay of $495, and also 10 per cent. interest thereon and 10 per cent. of the amount thereof as attorneys' fees. This is not the correct measure of damages in a tort action. The only recovery to which they were entitled against him was the difference between $450, the amount with which they part-

ed, and the value of the note which they received, with 6 per cent. interest thereon. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456; Gordon v. Rhodes & Daniel (Tex. Civ. App.) 117 S. W. 1023; Bain v. Lovejoy (Tex. Com. App.) 234 S. W. 1096; Hunter v. International Bldg. & Loan Ass'n, 24 Tex. Civ. App. 453, 59 S. W. 596; Sanders v. Hickman (Tex. Civ. App.) 235 S. W. 278.

In view of another trial, we think it proper to state, for the guidance of the court below, that there should be submitted to the jury the issue of the value of the note purchased by Whitehead and Snead. Its value, of course, will be determined by a consideration of the solvency of the maker, the value of the security, the anticipated depreciation in the security before maturity, the probable. expense of collection, etc. If Drewry is not found to be insolvent, no judgment at all should be rendered in favor of plaintiffs against Stafford.

On the cross-action of Drewry against Stafford and Marr, we find no support for the judgment in the verdict of the jury. Drewry was awarded judgment for $394.85, besides interest, and, in addition thereto, was awarded judgment for any amount he might be compelled to pay on the judgment of Whitehead and Snead against him over and above the amount of the proceeds of the sale of the automobile. This is obviously a double recovery. Suppose, at the judicial sale, Drewry should become the purchaser of the car on a bid of $100. Plaintiffs' judgment against him, including court costs, is in excess of $600. The $100 paid by Drewry as purchaser at the sale would be applied toward the payment of this judgment, leaving a balance owing thereon in excess of $500. Suppose, further, that Drewry should discharge this judgment by the payment to plaintiffs of $500. Under the judgment of the court below he would then be entitled to have execution issue against Stafford and Marr for $500, plus $394.-85, or a total of $894.85. There is neither pleading nor verdict supporting that theory of recovery. The effect thereof is to enable Drewry to profit by the alleged fraud practiced upon him. He retains all the benefits of his trade, discharges his note for $495, and in addition has $294.85 in cash. Were he to pay more than $100 at the judicial sale, or were another to become the purchaser, that would vary the error in degree only and not in kind.

The only recovery, if any, to which the pleadings and evidence entitled Drewry on his cross-action, was the difference between the value of the property with which he parted and that which he received. The measure of damages in any action for deceit in the exchange of property is not the difference between the value of the property received as it proved to be and as it would have been had it been as represented, but is the difference between the real value of the property received and that parted with. We considered this rule as applied to exchange of autobiles in the case of B. & H. Motor Co. v. Tucker, 299 S. W. 949, wherein we stated:

"The measure of damages pleaded by appellee and adopted by the court was the difference between the value of a 1922 model Studebaker car and a 1923 model. This is not the correct measure of damages. It is well established by the authorities that, in suits of this character, based upon an exchange of property, the measure of damages is the difference between the value of the property received and that given in exchange, and not the difference between the value of the property received and its value if the representations had been true. Appellee should have proved the value of the Buick car parted with by him and the Studebaker car received by him, and his damages should have been measured by the difference, if any, between these values, taking into account the obligation for $375. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456; Montgomery v. McCaskill (Tex. Civ. App.) 189 S. W. 797; Linnartz v. Lawrie (Tex. Civ. App.) 192 S. W. 789; Texas Harvester Co. v. Wilson-Whaley Co. (Tex. Civ. App.) 210 S. W. 574; Foster v. Atlir (Tex. Com. App.) 215 S. W. 955; Webb v. Emerson-Brantingham Implement Co. (Tex. Civ. App.) 227 S. W. 499; Medley v. Lamb (Tex. Civ. App.) 223 S. W. 1048."

We have again considered the authorities there relied upon, and believe they support the rule therein announced. In the instant case there is no finding of the value of the automobile parted with by Drewry. There is a finding that the automobile which he received was of the value of $500, and that the diamond ring with which he parted was worth $25. These findings do not afford any basis for a determination of his damages.

We do not find it necessary to determine the correctness of the rulings of the trial court on appellants' pleas of misjoinder of parties and causes of action as the case appeared at the former trial. The judgment in favor of Whitehead and Snead against Drewry on the note and for a foreclosure will be affirmed, and will not be before the court upon another trial. With this phase of the case removed, we think it will be distinctly to the advantage of Stafford and Marr to have both asserted causes of action against them joined in one suit. Otherwise the two suits might result in a double recovery. Whitehead and Snead are entitled to but one satisfaction of their judgment against Drewry, and whatever amount, if anything, they may recover from Stafford and Marr will operate as a payment

pro tanto on that judgment. Likewise, whatever recovery, if any, Drewry may be awarded against Stafford and Marr must be credited by the amount which Stafford and Marr pay to Whitehead and Snead. Suppose, for instance, that at the next trial there are two recoveries against Stafford and Marr, one in favor of Whitehead and Snead for $200 and the other in favor of Drewry for a like amount. Should Stafford and Marr be compelled to pay both amounts, the effect would be to award Drewry a double recovery. He would receive $200 in money and a like credit on the judgment owing by him. The judgment must adjust these recoveries, and this could best be accomplished by a joinder of parties and causes of action in one. These asserted causes of action grew out of practically the same transaction and relate to the same subject-matter. Their joinder in one action is not prejudicial to appellants.

Many other questions are presented, but they will not likely arise upon another trial, and need not here be discussed.

The judgment of the trial court in favor of appellees Whitehead and Snead against appellee Drewry upon the note declared upon and for a foreclosure of the chattel mortgage will be affirmed. In all other respects the judgment will be reversed, and the cause remanded.