GRISWOLD v. TUCKER.

No. 14989.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 3, 1948.

Rehearing Denied Jan. 14, 1949.

Mark McGee, of Fort Worth, for appellant.

W. A. Hawkins, of Fort Worth, for appellee.

SPEER, Justice.

Plaintiff, Eddie G. Tucker, sued defendant, Ray Griswold, for damages growing out of the purchase of a Ford dump truck. The action was based upon allegations that defendant represented the truck to be a

1947 model and plaintiff believed and relied upon such representations; that in fact it was a 1946 model and was worth $500 less than if it had been a 1947 model as represented by defendant.

Trial was to the court without a jury. Judgment was entered for plaintiff for $300 and defendant appeals. At defendant's request the court filed findings of fact and conclusions of law.

Defendant's points of error 1 and 2 are to the effect that (1) since the transaction between the parties was one of exchange in trucks and not a sale and purchase of a truck under an express or implied warranty, plaintiff's measure of damages, if any, was the difference in the value of the two trucks added to the cash paid and not the difference in the market value of a 1947 model truck and a 1946 model, which plaintiff claimed to have received; and (2) the court erred in entering judgment on a wrong measure of any damages plaintiff may have sustained.

Plaintiff's suit, his testimony and the court's judgment were predicated upon the theory that the deal between the parties was a sale by defendant and a purchase by plaintiff of the Ford dump truck as distinguished from an exchange of property between them.

It is the contention of defendant (appellant here) that under the evidence the transaction was an exchange of trucks, plaintiff parting with his 1942 model truck and some cash difference, receiving in exchange therefor another Ford dump truck of a later model; and that since it was an exchange transaction, plaintiff's measure of damages, if any, was the difference in the reasonable value of what he parted with and what he received and not, as plaintiff contends and as the court found, the difference in the reasonable market value of the truck actually received by him and what its value would have been if it had been the kind and model represented by defendant.

The testimony relating to these points is without material conflict. Plaintiff was hauling gravel in his 1942 dump truck; he wanted a newer model and a better truck, preferably a 1947 model Ford truck; defendant told him he had three trucks, two of which were 1946 models and one was a 1947 model, each priced at $1750. Plaintiff preferred a 1947 model because it would bring a greater "trade in value" if he should later decide to buy a new truck; he took the one defendant had represented to be a 1947 model out and drove it a short distance and returned; the parties then made a deal by which defendant would accept plaintiff's 1942 model truck at $500 and $1250 in cash for the 1947 model truck. What we have said is sufficient for the purpose of discussing these points.

The court treated this transaction as a sale of the truck by defendant to plaintiff under representations by defendant that it in fact was a 1947 model.

There is nothing in the record to indicate that plaintiff sought recovery for a fraud or intentional misrepresentation by defendant of the model of the truck but his suit was for breach of a warranty because defendant represented it to be a 1947 model when in fact it was a 1946 model. The difference between the parties here lies in the measure of damages recovered in this case. If this transaction was an exchange of property between the parties and the element of fraud had been present, plaintiff's measure of damages would have been different from what it would have been for breach of a warranty under a contract of sale.

There is a recognized difference between an exchange and a sale. The test seems to be if one party passes his property to another and in turn receives from the latter his property without having an agreed value placed on both, it is deemed an exchange. Upon the other hand, a transaction is a sale although made for something other than money, where the property of each is transferred at an agreed or market value. This is likewise true if the property of one is transferred to another at an agreed price in part payment of the agreed total cash value of the other. 18 Tex.Jur. 471, sec. 2.

In his attack on the judgment, defendant cites and relies upon certain decisions which we shall briefly notice.

George v. Hesse, 100 Tex. 44, 93 S.W. 107, 8 L.R.A.,N.S., 123 Am.St.Rep. 772, 15 Ann.Cas. 456, involved an exchange of real estate of unequal values, in which the more valuable tract passed at a stipulated price, while there was no agreement as to the value of the lesser one. The suit was to recover damages for the "fraudulent" misrepresentations as to the value of the better tract. The court held that it was an exchange and the measure of damages was the difference in the value of what plaintiff gave in exchange and what he received. This holding was based on the nature of plaintiff's suit for fraud in an exchange of property. B. & H. Motor Co. v. Tucker, Tex.Civ.App., 299 S.W. 949, was a suit growing out of an exchange of automobiles, in which fraud was relied upon and the first cited case was followed. Also in Robert & St. John Motor Co. v. Bumpass, Tex.Civ.App., 65 S.W.2d 399, 401, writ dismissed, where an action was prosecuted under allegations of fraud, the rule as to the measure of damages was followed as announced in the first cited case; but the court observed in that case that if the suit had been one for damages for breach of a warranty (as was the instant case), the measure of damages would have been "the difference between the purchase price of the automobile and the value of same in its defective condition at the time of the purchase."

█ We think that in this case the pleadings and proof showed this transaction to have been a sale by defendant of the truck and not an exchange as contended by defendant. The price was agreed upon and was paid partly in cash and partly by the transfer of the 1942 truck at an agreed price in lieu of cash. The suit was not one based on fraud, which, in the cited cases, appears to be a prime factor in determining the measure of damages. See Morriss-Buick Co. v. Huss, 131 Tex. 102, 113 S.W. 2d 891. The gravamen of plaintiff's complaint was defendant's breach of warranty that the truck was a 1947 model. When, as in this case, representations were made by the seller that the truck was a 1947 model, and the buyer did not know from his own experience whether the representation was true or false, but relied solely upon the statements of the seller, such representations became warranties, and a breach of such warranties gave the purchaser a cause of action thereon. There are decisions by our courts which present apparently conflicting rules as to the measure of damages under the pleadings and facts of each case. This conflict was pointed out by this court in McGown v. Jennings, Tex. Civ.App., 209 S.W.2d 408. A reading of the cases there cited will illustrate that virtually each was decided upon the nature of the cause of action as laid by plaintiff and the testimony adduced. In the instant case, under all its facts and circumstances surrounding it, we think the court applied the correct measure of damages as announced in W. D. Sessums Motor Co. v. White, Tex.Civ.App., 239 S.W. 329; that is, the difference in the value of the truck received, a 1946 model and such as defendant represented it to be, a 1947 model.

There was an abundance of evidence to support plaintiff's contention and the court's finding to the effect that defendant represented the truck to be a 1947 model and that plaintiff relied thereon and that he would not have made the deal if he had known such representations were not true.

█ It is the settled rule that covenants, promises and assertions made by a seller concerning the quality of an article sold, if relied upon by the buyer, amount to warranties. 37 Tex.Jur. 250, sec. 103.

█ The third and fourth points assert that there was no competent testimony to support the court's fact finding and judgment thereon, that the truck was a 1946 and not a 1947 model. The court found as a fact that defendant agreed for the consideration promised to transfer to plaintiff a 1947 model Ford truck; that he represented said truck to be such and plaintiff believed and relied upon said representations. The court, at the trial, did permit one witness to testify that it was a 1946 model after he had testified as having a great deal of experience in handling and selling used trucks; the witness knew nothing about the truck in controversy but was given the number of the truck and could not tell what its model was but by request he telephoned some one who ap-

parently compared the number to those in a book used by the trade and found in response to the telephone conversation it was a 1946 model and so testified. This testimony was incompetent. B. & H. Motor Co. v. Tucker, Tex.Civ.App., 299 S.W. 949.

Aside from the incompetent testimony just mentioned there is other testimony in the record which supports the court's finding that the truck was a 1946 model. Defendant testified that the truck he sold to plaintiff was supposed to be a 1947 model; that he bought it second-hand as such and that is the way he sold it. He did not have the title papers at the time but told the plaintiff he would get them and send them to him. He later got them and delivered the title certificate to the bank, who held a lien on the truck, and mailed the 1947 license receipt to plaintiff. (The State Title Certificate was not in evidence.) The license receipt mentioned was shown to defendant, who identified it while he was on the witness stand and it appeared to bear the figures "1946" and a "7" had been written on top of the "6," making it read "1947." Defendant said he did not make the change. Plaintiff and his father testified that when they received the keys to the truck there was a tag attached to them bearing the words and figures, "1946 Ford Truck 7207." Plaintiff testified that he had received the license receipt through the mails from defendant. Plaintiff operated the truck for perhaps sixty days and was pleased with the way it functioned but from this tag and the changed license receipt he became convinced it was a 1946 model and went to defendant to get an adjustment of the difference in the value of a 1946 and a 1947 model, such as he had purchased he believed. Plaintiff and his father both testified that when the tag from the keys and the license receipt were shown to defendant he said, "undoubtedly it was a '46 model." This statement coming from the defendant was clearly against his interest and would be construed as his declaration. (Defendant while testifying did not deny making the statement to plaintiff that "undoubtedly it was a '46 model.") There is testimony to the effect that at the meeting of the parties last mentioned the defendant made at least two propositions to compromise their differences; these matters were not objected to by plaintiff, perhaps because he thought it added strength to his contention that defendant was convinced that the truck was in fact a 1946 and not a 1947 model as he had testified it was supposed to be. When we apply the accepted rule that all the testimony will be considered in the light most favorable to the court's fact findings and the judgment entered thereon, we are forced to the conclusion that the evidence was sufficient to support the court's finding of fact that it was a 1946 model truck.

There was ample testimony to the effect that a Ford dump truck of 1946 model was worth on the used car market from $300 to $350 less than a 1947 model Ford dump truck in the same mechanical condition as that of the 1946 model. From this testimony the court found as a fact the difference in value was $300 and entered judgment for that amount.

Points five and six assert error upon the theory of caveat emptor. The testimony is to the effect that to a non expert a 1946 model of this type of truck is not readily distinguishable from a 1947 model when each is in substantially the same mechanical condition. Plaintiff did drive the truck a few blocks before buying it to ascertain if it was in good mechanical condition; he said he could not know the model from the experimental test he gave it; that he relied solely upon defendant's representation that it was a 1947 model and would not have made the deal if it had not been for the representations made by defendant; he did not complain of the mechanical condition of the truck but only that it was not a 1947 model, which the evidence showed would have been worth from $300 to $350 more on the market than a 1946 model in the same mechanical condition. Under the court's fact finding we think caveat emptor is not controlling. 37 Tex.Jur. 245, sec. 101.

We are overruling all points of error and conclude that the judgment of the trial court should be and it is hereby affirmed.